## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DAVID JANSSEN, Derivatively on Behalf of Nominal
Defendant CAMPING WORLD HOLDINGS, INC.,

                    Plaintiff,

          v.

MARCUS A. LEMONIS, THOMAS F. WOLFE,
BRENT L. MOODY, STEPHEN ADAMS, ANDRIS
A. BALTINS, BRIAN P. CASSIDY, MARY
GEORGE, HOWARD A. KOSICK, MICHAEL W.
MALONE, JEFFREY A. MARCUS, K. KILLON
SCHICKLI, CRESTVIEW PARTNERS II GP, L.P.,
and CRESTVIEW ADVISORS, L.L.C.,

                    Defendants,

and

CAMPING WORLD HOLDINGS, INC.,

                    Nominal Defendant.

Case No. 1:19-cv-01467-MN

**<u>JURY TRIAL DEMANDED</u>**

(Caption continued on following page)

JUDITH SANDLER, Derivatively on Behalf of
Nominal Defendant CAMPING WORLD HOLDINGS,
INC.,

                    Plaintiff,

       v.

MARCUS A. LEMONIS, THOMAS F. WOLFE,
BRENT L. MOODY, STEPHEN ADAMS, ANDRIS
A. BALTINS, BRIAN P. CASSIDY, MARY
GEORGE, HOWARD A. KOSICK, MICHAEL W.
MALONE, JEFFREY A. MARCUS, K. KILLON
SCHICKLI, CRESTVIEW PARTNERS II GP, L.P.,
and CRESTVIEW ADVISORS, L.L.C.,

                    Defendants,

and

CAMPING WORLD HOLDINGS, INC.,

                    Nominal Defendant.

Case No. 1:19-cv-01468-MN

**<u>JURY TRIAL DEMANDED</u>**

**JOINT STIPULATION AND [PROPOSED] ORDER STAYING THE ACTION
PENDING RESOLUTION IN THE RELATED SECURITIES CLASS ACTION**

WHEREAS, on August 6, 2019, David Janssen ("Janssen") filed a Verified Shareholder Derivative Complaint (the "Janssen Action") in this Court against certain directors and officers of Camping World Holdings, Inc. (the "Company" and with the defendant officers and directors, the "Defendants");

WHEREAS, on August 6, 2019, Judith Sandler ("Sandler") filed a Verified Shareholder Derivative Complaint (the "Sandler Action" and with the "Janssen Action," the "Derivative Actions") against certain directors and officers of Camping World;

WHEREAS, Janssen and Sandler (collectively, "Plaintiffs"), and their counsel agree that consolidation of the Derivative Actions is appropriate to ensure that the actions are prosecuted effectively and efficiently;

WHEREAS, the Derivative Actions involve identical subject matter, parties, factual allegations, and legal issues, and the administration of justice would be best served by consolidating the actions filed by Plaintiffs;

WHEREAS, on October 19, 2018, a plaintiff, suing on behalf of a purported class, filed a lawsuit in the United States District Court for the Northern District of Illinois captioned *Ronge v. Camping World Holdings, Inc., et al.*, No. 1:18-cv-07030 (the "Federal Securities Class Action"), alleging violations of the federal securities laws against Camping World and certain of its officers and directors (among other defendants), and the Federal Securities Class Action remains pending;

WHEREAS, the parties agree that Derivative Actions involve the same subject matter, parties, factual allegations, and legal issues as the Federal Securities Class Action (which also includes additional factual and legal issues and defendants);

1

WHEREAS, the Derivative Actions seek, among other things, contribution from Defendants for any damages awarded in the Federal Securities Class Action;

WHEREAS, Plaintiffs agree that the interests of preserving the parties' and the Court's resources, efficient and effective case management would best be served by staying the Derivative Actions until the court enters an order resolving defendants' motions to dismiss the Federal Securities Class Action but wish to reserve their rights to seek a stay beyond that point;

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between the undersigned counsel for the parties (the "Parties"), subject to the approval of the Court, as follows:

1.      The Derivative Actions shall be consolidated for all purposes, and are referred to herein as the "Consolidated Action."

2.      Hereafter, papers need only be filed in Civil Action No. 1:19-cv-01467-MN.

3.      Every pleading filed in this Consolidated Action shall bear the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE CAMPING WORLD HOLDINGS, INC. STOCKHOLDER DERIVATIVE LITIGATION | Case No. 1:19-cv-01467-MN CONSOLIDATED **JURY TRIAL DEMANDED** |

4.      The law firm of LIFSHITZ & MILLER LLP, 821 Franklin Ave, Garden City, NY 11559 shall serve as Plaintiffs' Lead Counsel for the Consolidated Action. Defendants take no position on the appointment of Plaintiffs' Lead Counsel.

5.      The law firm of O'KELLY ERNST & JOYCE, LLC, 901 N. Market Street, Suite 1000, Wilmington, DE 19801 shall serve as Plaintiffs' Delaware Counsel. Defendants take no position on the appointment of Plaintiffs' Delaware Counsel.

6.      All documents previously filed to date in any of the cases consolidated herein are deemed part of the record in the Consolidated Action.

7.       Plaintiffs' Lead Counsel, in consultation with Plaintiffs' Delaware Counsel, shall set policy for Plaintiffs for the prosecution of this litigation, ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of Plaintiffs the initiation and conduct of discovery proceedings, provide direction, supervision, and coordination of all activities of Plaintiffs' counsel, and have the authority to negotiate a settlement, subject to approval of Plaintiffs and the Court. Any agreement reached between counsel for Defendants and Plaintiffs' Lead Counsel and/or Plaintiffs' Delaware Counsel shall be binding on the other Plaintiffs.

8.       Plaintiffs' Lead Counsel, in consultation with Plaintiffs' Delaware Counsel, shall assume the following powers and responsibilities: (a) coordinate and direct the preparation of pleadings; (b) coordinate and direct the briefing and argument of motions; (c) coordinate and direct the conduct of discovery and other pretrial proceedings; (d) coordinate the selection of counsel to act as Plaintiffs' spokesperson at pretrial conferences; (e) call meetings of Plaintiffs' counsel as they deem necessary and appropriate from time to time; (f) conduct any and all settlement negotiations with counsel for Defendants; (g) coordinate and direct the preparation for trial and trial of the Consolidated Action, and delegate work responsibilities to selected counsel as may be required; and (h) coordinate and direct any other matters concerning the prosecution or resolution of the Consolidated Action.

9.       Plaintiffs' Delaware Counsel shall also be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court, as well as for communications to and from this Court. No motion, request for discovery, or other pretrial or trial proceedings shall be initiated or filed by any Plaintiff except through Plaintiffs' Delaware Counsel.

10.     This Order shall apply to this Consolidated Action and any future filed actions relating to the subject matter of this case. When a case that properly belongs as part of the Consolidated Action is hereafter filed in the Court, this Court requests the assistance of counsel in calling to the attention of the Court the filing of any case which might properly be consolidated as part of the Consolidated Action, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

11.     The Consolidated Action, including all hearings and deadlines, shall be stayed pending the resolution of the motions to dismiss in the Federal Securities Class Action or until otherwise agreed to by the parties. Within thirty (30) days of the ruling on defendants' motions to dismiss the Federal Securities Class Action, the parties shall meet and confer concerning a schedule for further proceedings in the Consolidated Action, including whether a further stay of this action is appropriate, and advise the Court accordingly.  If the parties are unable to agree on whether a continued stay of this action is appropriate, the parties will submit a schedule for briefing on a motion to continue the stay. This action shall remain stayed until the parties agree that a stay is no longer warranted or the Court's ruling on a motion to continue the stay.

12.     The stay of this action is subject to each party's right (i) to move the Court to lift the stay and (ii) to oppose such motions. Prior to any such motion to lift, the party seeking to lift the stay shall give notice of at least forty-five calendar days, during which times the parties will meet and confer in an effort to resolve any dispute about the continuance of the stay.

13.     Plaintiffs may file a verified consolidated complaint while this case is stayed.

14.     Defendants shall be under no obligation to respond to the complaint, or any consolidated complaint, while the Consolidated Action is stayed.

15.     Nothing herein shall be construed as a waiver of any party's rights or positions in law or in equity, or as a waiver of any defenses that any party would otherwise have, and the parties reserve all such rights.

SO STIPULATED AND AGREED by and between the parties this 24th day of September, 2019.

| | |
|---|---|
| Of Counsel: | O'KELLY ERNST & JOYCE, LLC<br>*/s/ Ryan M. Ernst* |
| LIFSHITZ & MILLER LLP<br>Joshua M. Lifshitz<br>821 Franklin Avenue, Suite 209<br>Garden City, New York 11530<br>Telephone: (516) 493-9780<br>Facsimile: (516) 280-7376 | Ryan M. Ernst, Esq. (#4788)<br>901 N. Market Street, Suite 1000<br>Wilmington, DE 19801<br>Phone (302) 778-4000<br>Email: rernst@oelegal.com<br><br>*Attorneys for Plaintiffs* |
| Of Counsel: | RICHARDS, LAYTON & FINGER, P.A.<br>*/s/ Gregory P. Williams* |
| LATHAM & WATKINS LLP<br>Andrew B. Clubok<br>555 Eleventh Street NW<br>Suite 1000<br>Washington, DC 20004<br>Telephone: (202) 637-2200<br>Facsimile: (202) 637-2201 | Gregory P. Williams (#2168)<br>Kevin M. Regan (#6512)<br>920 North King Street<br>Wilmington, Delaware 19801<br>(302) 651-7700<br>Williams@rlf.com<br>Regan@rlf.com |
| LATHAM & WATKINS LLP<br>Eric R. Swibel<br>Kathryn K. George<br>330 N. Wabash Avenue<br>Suite 2800<br>Chicago, IL 60611<br>Telephone: (312) 876-7700<br>Facsimile: (312) 993-9767 | *Attorneys for Defendants Marcus Lemonis, Stephen Adams, Andris A. Baltins, Brian P. Cassidy, Mary J. George, Howard A. Kosick, Michael W. Malone, Jeffery A. Marcus, K. Dillion Schickli, Brent L. Moody, Thomas F. Wolfe, Camping World Holdings, Inc., Crestview Partners II G.P., L.P. and Crestview Advisors, L.L.C.* |

**SO ORDERED,** this _____ day of _____, 2019.

_____
United State District Court Judge